No. 7255.

ROOKER *v.* WISE ET AL.

GUARDIAN AND WARD.—*Removal.*—*Insufficient Cause.*—*Special Verdict.*—*Evidence.*—Where, on trial of a petition for the removal of a guardian, a clause of the special verdict was that "Said guardian has managed the estate of said wards for their best interests, except he has failed to provide suitable homes, and to attend properly to the school education of said wards," and judgment was rendered removing the defendant from his trust as guardian, the Supreme Court, being satisfied from the evidence that he had done as well as he could under the circumstances, in the way of furnishing homes for his wards, and in attending properly to their education, reversed the judgment.

From the Hamilton Circuit Court.

*D. Moss, J. Stafford* and *J. S. Losey,* for appellant.
*A. F. Shirts, G. Shirts* and *W. R. Fertig,* for appellees.

WORDEN, J.—The appellees filed their petition in the court below against the appellant, asking his removal from his trust as guardian of the persons and estates of William D. Rooker, George S. Rooker, Frank B. Rooker and Cora M. Rooker, minor heirs of James I. and Mary Rooker, deceased. The petition stated several grounds on which the removal was asked, not necessary to be recapitulated in this opinion.

Issue, trial by jury, and special verdict.

It is not necessary to set out the special verdict in full, for, except as stated in the ninth clause, no fact is found that justified the defendant's removal, or that showed that he had not in every respect faithfully discharged the duties of his trust. The ninth clause of the verdict is as follows:

"9th. Said guardian has managed the estate of said wards for their best interests, except he has failed to provide suitable homes, and to attend properly to the school education of said wards."

Motion for a new trial overruled, and judgment removing the appellant from his trust as such guardian.

We have examined the evidence upon the points as to the supposed failure of the defendant to provide suitable homes, and to attend properly to the school education of his wards, and are of opinion that it fails to establish any neglect or failure in either of those respects, on the part of the appellant. The evidence on these points is lengthy, running through various parts of the bill of exceptions, and we can not set it out without taking up more space than is warranted; but it seems to us, from it, that the appellant has done as well as he could, under the circumstances, in the way of furnishing homes for his wards; and we can not see that he has failed to attend properly to their school education.

The judgment below is reversed, with costs, and the cause remanded for a new trial.